IRVING, P.J.,
concurring in part and in result:
¶ 25. I agree with parts II, III, and IV of the majority opinion. While I agree with the majority that this case should be affirmed, I disagree with its articulation of the State’s responsibility for production of materials under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
¶ 26. Under Brady, the prosecution has a duty to turn over relevant, exculpatory material and any evidence affecting the credibility of a witness who is material to the prosecution’s case. Giglio, 405 U.S. at 154, 92 S.Ct. 763. Brady does not establish a bright-line rule that a witness’s criminal record must be routinely produced to a defendant in all criminal cases. Howev *718 er, where the State’s ease hinges on a certain witness’s testimony, evidence affecting that witness’s credibility constitutes Brady material. Giglio, 405 U.S. at 154, 92 S.Ct. 763 (explaining that “evidence affecting credibility” falls under Brady where the “reliability of a given witness may well be determinative of guilt or innocence ”). Clearly, Giglio qualifies the prosecution’s obligation to produce a witness’s criminal record, and limits that obligation to the criminal records of material witnesses.
¶ 27. The fundamental flaw in the majority’s reasoning is that it reads Brady to require the production of impeachment materials for all witnesses — not just for material witnesses — to be offered by the State in its case-in-chief. The majority then concludes that since a witness may be impeached by his criminal record, it necessarily follows that the State is required to produce the criminal records of all witnesses, even though they may not be material witnesses. The majority’s view of Brady is reflected in the following quote: “Brady ⅛ disclosure requirements extend to materials that, whatever their other characteristics, may be used to impeach a witness. There is little dispute that a government witness’s prior criminal conduct may be used for impeachment purposes and should be disclosed by the State.” Maj. Op. at (¶ 10) (internal quotations and citations omitted). In my opinion, this is an overly broad reading of Brady and its progeny.
¶ 28. The majority states that “even where impeachment material exists, nondisclosure by the State does not necessarily establish that the outcome was unjust.” Maj. Op. at (¶ 11). In my opinion, this statement is indicative of the majority’s misunderstanding of what is truly Brady material. First, the majority finds that all impeachment material, including the criminal records of all witnesses, is Brady material that must be disclosed. Yet, at the same time, it asserts that “nondisclosure does not necessarily establish that the outcome was unjust.” By definition, a Brady violation results in an unjust result and constitutes reversible error, for there is never a Brady violation unless material evidence is withheld. See Strickler, 527 U.S. at 280, 119 S.Ct. 1936 (explaining that evidence is material where “there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different”). Therefore, evidence that may have some impeachment value, but is not material cannot be Brady material. To hold otherwise defies logic and would place an unnecessary burden on the State.
¶29. For example, suppose the State offers five witnesses against a defendant; two are convicted felons and the other three are without criminal records. Suppose further that all five witnesses identify the defendant as the perpetrator of the crime. However, the State fails to disclose the criminal history of the two convicted felons. It cannot be legitimately argued that the result of the proceeding would have been different had the disclosure taken place. Nevertheless, according to the majority, a Brady violation would have occurred because impeachment material, the criminal history of the convicted felons, was withheld.
¶ 30. The majority quotes Strickler for the proposition that “Brady's disclosure requirements extend to materials that, whatever their other characteristics, may be used to impeach a witness.” Maj. Op. at (¶ 10). While Strickler states exactly what the majority says, the majority has taken the statement out of context. The Strickler Court made the above statement after rejecting the respondent’s contention that certain material did not have to be *719 turned over because it was inculpatory, rather than exculpatory. Strickler, 527 U.S. at 282 n. 21, 119 S.Ct. 1936. The Court was not addressing disclosure of impeachment materials as they relate to the criminal records of a non-material witness, as is the case here.
¶ 31. I should also point out that the majority’s interpretation of the requirements of Brady expands the discovery requirements of Rule 9.04 of the Uniform Rules of Circuit and County Court,[6] as this rule does not require the production of the criminal records of the State’s witnesses. Prosecutors are entitled to rely upon the criminal rules as promulgated by our supreme court. If Rule 9.04 is in conflict with Brady, our supreme court must correct it. This Court lacks the authority to expand the scope of any of the rules of court promulgated by our supreme court.
¶ 32. For the reasons discussed, I disagree with the majority’s holding that the prosecution is required to disclose the criminal record of non-material witnesses whenever a criminal defendant requests it.
LEE, C.J., CARLTON, RUSSELL AND FAIR, JJ., JOIN THIS OPINION.

. Rule 9.04 requires the State, in criminal cases, to produce the following:
1. Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written, recorded[,] or otherwise preserved of each such witness!,] and the substance of any oral statement made by any such witness;
2. Copy of any written or recorded statement of the defendant and the substance of any oral statement made by the defendant;
3. Copy of the criminal record of the defendant, if proposed to be used to impeach;
4. Any reports, statements, or opinions of experts, written, recorded or otherwise preserved, made in connection with the particular case and the substance of any oral statement made by any such expert;
5. Any physical evidence and photographs relevant to the case or which may be offered in evidence; and
6. Any exculpatory material concerning the defendant.